## DISSOLUTION OF CORPORATION ORGANIZED FOR PROFIT.

[Franklin County Court of Common Pleas.]

IN THE MATTER OF THE APPLICATION OF THE COLUMBUS BICYCLE COMPANY FOR DISSOLUTION.

Decided, February 15, 1904.

*Proceedings for Dissolution—Of a Corporation for Profit—Instituted by Stockholders—Petitioners and Corporation in Effect Parties— Rights of Creditors, Preferred and General—And of All Parties Worked Out, How—Service—Motion to Dismiss the Proceedings.*

1. Under the Ohio statutes for the dissolution of corporations, the ultimate object is to wind up the affairs of the corporation by means of a receivership.
2. The term "persons interested in the corporation" is not limited to the stockholders, but includes creditors and persons otherwise interested.
3. While the proceeding is in its nature *in rem*, there is no doubt that both the petitioners and the corporation are parties, and a judgment might be rendered against either, although a general creditor by becoming a party and obtaining judgment could not be preferred over other general creditors who have not reduced their claims to judgment.
4. Persons holding incumbrances against the property of the corporation are entitled to come in and set up their claims.
5. Where creditors are made parties defendant, the court may treat the application for a receiver as a suit to dissolve the corporation under the statute, and work out the rights of all parties thereunder.
6 Since the directors in effect take the place of the defunct corporation, service upon them would be sufficient, and where by a motion they enter their appearance to an answer and cross-petition, the necessity of service of process is obviated.
7. A motion by the petitioning stockholders for a dismissal of their proceeding for dissolution can not be entertained, where it develops that there are other parties interested in the corporation, either as creditors or otherwise.

EVANS, J.

This cause is submitted on several motions.

1. To quash and set aside the service of summons issued on the answer and cross-petition of Nelson A. Sims, as treasurer.

2. To strike from the files the entry making said treasurer a party herein, and to dismiss said treasurer from this proceeding.

Also a third motion is argued by counsel in their briefs, but which does not appear to be with the papers, for permission of the petitioners to dismiss this action.

The conclusion I have reached will permit me to discuss their several motions together.

The petitioners seek a dissolution of The Columbus Bicycle Company, a corporation organized under the laws of Ohio. After setting forth the authorized capital stock, the number of shares, and denomination of each, they allege that the said five petitioners named are the directors of said company, duly qualified as such; that said company was organized for profit for the purpose of the manufacture and sale of bicycles; that said company is not now engaged in such business or in any other business; that all its assets, including the good will, have been disposed of according to law; that it owes no debts; that the objects for which it was organized have wholly failed and been entirely abandoned; that by the unanimous vote of its stockholders, ratified by the unanimous vote of its directors, it has been decided that it is for the best interests of said corporation that it be dissolved according to law. They further allege that a just and true account of the capital stock, specifying the names of the stockholders, their residences, and number of shares belonging to each, and the amount paid in upon said shares, is annexed to the petition.

They further allege that all the estate of said corporation, real and personal, has been sold and disposed of, and its engagements fully satisfied and canceled, and all its debts paid, for which reason it is not possible to annex inventories of its real and personal estate, incumbrances, engagements or debts.

The exhibit shows that 312 shares of its authorized capital stock of 500 shares was fully paid up; that 308 shares thereof is owned by one of the petitioners, Paul Walton, residing in New York, the other four petitioners, three of whom reside in Ohio, owning one share each; that said 312 shares is all of the capital stock that has ever been issued.

On the same day the petition was filed an order of court was taken, finding that said application was in due form, and the

court appointed A. L. Thurman referee, and ordered said referee to hear the allegations of all persons interested, administer oaths, take testimony, if necessary, and with all convenient speed report to the court, together with a statement of all properties, debts, credits and effects, if any, of said corporation, and of all other matters and things pertaining to its affairs.

On March 22, 1902, Nelson A. Sims, as Treasurer of Franklin County, on leave of the court theretofore obtained, and having been made a party defendant, filed an answer and cross-petition, setting up in several causes of action claims for taxes and penalty against said corporation, for the years 1894 to 1898 inclusive, alleging that the same were for taxes on personal property of said company, which said company omitted to return for said years, and praying for judgment in the aggregate sum of $4,821.72, with penalty and costs.

Said treasurer caused summons to be issued on said answer and cross-petition against said company, the return of which by the sheriff certified that he served the same by handing a true copy thereof to G. C. Urlin, president of said company.

An affidavit of said G. C. Urlin is attached to the motion to set aside said service, in effect that he was not president of said company, and was neither a stockholder or director therein at any time since the commencement of this proceeding.

This proceeding was instituted under Chapter 5, Title 1, Division 7, Section 5631 et seq., Revised Statutes. This is the chapter relating to the procedure for the dissolution of corporations. Sections 5651 to 5672 inclusive, being the portion thereof relating to the procedure of the petitioners herein.

The proceeding as filed was ex parte, no stockholders or others being made party defendants.

One of the questions here is whether a creditor, on his application, can be made a party defendant with leave to plead, setting up his claim against the corporation and praying for judgment.

In determining this question, as well as the other questions here presented, it is important to ascertain what is the ultimate purpose to be accomplished under the provisions of the statute here invoked by the petitioners.

Section 5651, Revised Statutes, provides in substance, that when a majority of the directors having the management of a corpora-

tion, or at least one-third of the stockholders, discover that the stock, property and effects of the corporation have been so far reduced by losses or otherwise that it will not be able to pay all just demands to which it may be liable, or to afford a reasonable security to those who may deal with it, or deem it beneficial to the interests of the stockholders that the corporation be dissolved; or when such directors are authorized by a majority of the stockholders to apply for a judgment, or when the objects of the corporation have wholly failed or are entirely abandoned, or it is impracticable to accomplish such objects, they may apply to the court of common pleas of the county, or the superior court of the city or county in which the principal place of conducting the business of the corporation is situate, by petition, for the dissolution of such corporation, pursuant to the provisions of this chapter.

Section 5652, Revised Statutes, provides that the application shall contain a statement of the reasons which induce the applicants to desire a dissolution of the corporation, and they shall annex thereto:

1. A full, just and true inventory of all the estate, both real and personal of the corporation, and of all the books, vouchers and securities relating thereto.

2. A full, just and true account of the capital stock, if any, of the corporation, specifying the names of the stockholders, their residence when known, the number of shares belonging to each, the amount paid in upon such shares respectively, and the amount still due thereon.

3. A statement of all the incumbrances on the property of the corporation, and of all engagements entered into by it which have not been fully satisfied or canceled, specifying the place of residence of each creditor, and of every person to whom such engagements were made, if known; and if not known, the fact to be so stated, and the sum owing to each creditor, the nature of each debt or demand, and the true cause and consideration of such indebtedness.

The next section (5653) provides for an affidavit to be annexed to the petition by one or more of the applicants, or in case of non-residence of the applicants, then by the agent or attorney of one or more of the applicants, as to the truth of the facts alleged in the petition.

Section 5654, Revised Statutes, provides that upon the filing thereof, an order shall be entered requiring all persons interested in the corporation to show cause, if any they have, why it should not be dissolved, before some referee or master commissioner appointed by the court, and to be named in the order, at a time and place therein to be specified, not less than three months from the date thereof; and a notice of the contents of such order shall be published once in each week for three weeks successively, in some newspaper published, and of general circulation in the county wherein the principal place of business of the corporation is situate.

Section 5655, Revised Statutes, provides, on the day appointed in the order the referee or master commissioner shall proceed to hear the allegations and proofs of such parties, take testimony in relation thereto, and with all convenient speed report the same to the court, with a statement of the property, effects, debts, credits and engagements of the corporation, and of all other matters and things pertaining to its affairs.

Section 5656, Revised Statutes, provides, when the report is made, if it appear to the court that the corporation is insolvent, or that a dissolution thereof will be beneficial to the stockholders, and not injurious to the public interest, or that the objects of the corporation have wholly failed, or been entirely abandoned, or that it is impracticable to accomplish such objects, a judgment shall be entered dissolving the corporation, and appointing one or more receivers of its estate and effects; and the corporation shall thereupon be dissolved and shall cease.

Subsequent sections provide who may be appointed receiver, their power and duties, settlement and distribution among creditors.

It is apparent that under the above provisions of the statutes, while the accomplishment of a dissolution of the corporation is one of the purposes, yet the ultimate object is to wind up the affairs of the company by means of a receivership.

It contemplates debts, credits and engagements, as well as property and effects of the corporation.

It does not contemplate the case of a corporation which has completely closed up its business, and paid all its debts and lia-

bilities incurred, and desires to surrender its corporate authority and franchises.

In the latter case there are no parties having any interest and concern in the corporation other than the stockholders, and there is no occasion for a reference and for a receivership.

Section 5674a, Revised Statutes, applies to a case of that character. The relief there provided is by application to the secretary of state, and there is no necessity to appeal to the courts.

Section 5651 contemplates a corporation that is either insolvent, or has wholly failed in its objects, or entirely abandoned the same, or it is impracticable to accomplish its objects.

Section 5652 requires a full, just and true inventory of all the estate, real and personal of the corporation, and of all the books, vouchers, and securities relating thereto. This is required to be stated in the petition.

The petition in this case pleads no such inventory, and assigns as a reason therefor that the corporation has sold and disposed of all its estate, satisfied and canceled its engagements, and that it has no debts.

A determination of that fact is one of the chief purposes of this proceeding. This is the purpose of the statute in requiring a reference, and it is the duty of the referee, after taking testimony, to report to the court what effects and property, and what debts, credits and engagements said corporation has, and to report all other matters and things pertaining to its affairs. It is his duty to take testimony, call and examine witnesses, if necessary, to enable him to ascertain and report all the matters required of him under said provisions of the statutes.

The term "persons interested in the corporation," is not limited to the stockholders. But it includes creditors and persons otherwise interested in the corporation.

Under the provisions of Section 5653 the referee could not determine the amount of property, effects, debts, credits and engagements of the corporation, or other matters and things pertaining to its affairs, by confining his examination to the stockholders.

In compliance with the published notice and on the day appointed, those who have claims or engagements with the corporation should present them to the referee and be heard thereon, and

all persons known to have knowledge of property and effects of the corporation should be heard, as well as all persons otherwise interested in the corporation.

In this manner only can the referee make an intelligent and comprehensive report, and upon this report the court must determine what judgment shall be entered concerning the dissolution of the corporation and the appointment of a receiver.

The proceeding is in its nature *in rem,* yet there is no doubt but that both the petitioners and the corporation are parties, and that a judgment might be entered against either.

In *Godley et al* v. *Pugh,* 29 O. S., 438, a judgment was rendered against the corporation for the costs. Upon an execution against the corporation the sheriff returned that it had no property liable to execution. It was then ordered by the court that the petitioners should pay the same. It was contended that this order was erroneous, and this was the question presented on error. The proceedings were the same as the case at bar, and under the same statutes. The case was referred to the defendant in error, as special master under the statute, and the contention was about his fee as such master.

The judgment of the lower court was affirmed.

If the corporation is a party, then there is no question but that those holding incumbrances against the property of the corporation would be entitled to come in and set up their claims against the property.

As the proceeding is one affecting the property and effects of the corporation, persons having liens against the property could assert them. But as to persons having claims against the corporation, not reduced to judgment, and which the property and effects of the corporation have not been pledged for payment—in short, unsecured creditors—presents a more difficult question. The reason is, that upon the report of the referee or master, if the report shows that the corporation has property and effects, and any of the statutory grounds exist for dissolving the corporation, the court will appoint a receiver, whose duty it will be to wind up the affairs of the corporation, and after paying costs and preferred claims, to pay the general creditors to the extent the proceeds will permit.

While it is true, no doubt, that in a proceeding of this kind, by

winding up the affairs of the corporation through a receiver, a general creditor could not by becoming a party and obtaining judgment, be preferred over other general creditors who have not reduced their claims to judgment, in the distribution of the proceeds of the corporate property and effects. Under those circumstances there could be no preferences as between general creditors on a distribution. But that would not preclude a party in a proper case from obtaining judgment, notwithstanding there may be a dissolution of the corporation. Section 5679, Revised Statutes.

Prior to the report of the referee there is no way to determine whether the court will order a dissolution and appoint a receiver or not. That remains to be determined. If this corporation is in court, and I am inclined to think that it is, it might work a hardship on the general creditors, if such there are, to be denied in a proper manner the right of seeking a remedy here.

A winding up of the affairs of a corporation under the aforesaid provisions of the statutes is not necessarily formal. The court may treat an application for a receiver, where creditors are made parties defendant, as a suit to dissolve the corporation under said provisions of the statute—although the suit was not necessarily brought with said provisions in view—and work out the rights of all parties thereunder. *Damarin* v. *Huron Iron Co.*, 47 O. S., 588.

Because of these conclusions, and inasmuch as another branch of this court has allowed said Sims, Treasurer, to be made a party defendant herein, with leave to file an answer and cross-petition, I will not at this stage of the case entertain a motion to strike said entry from the files and dismiss said defendant from the case.

If the sufficiency of service of process depended upon the service on Mr. Urlin, the service and return thereon would, on the showing made, be subject to be set aside.

But the petitioners, as appears from the petition, constitute the last board of directors, and under the authority of *Warner* v. *Callender*, 20 O. S., 196, under the construction there given to the act of 1842 (S. & C., 383), now Section 5675, Revised Statutes, the directors are in effect made to take the place of the defunct corporation, and service upon them would be sufficient. Said directors have entered their appearance herein to said answer and cross-petition by their motion, thereby obviating the necessity of service of process.

As to the motion to permit the petitioners to dismiss this proceeding, I am inclined to the opinion that if there are other parties or persons interested in the corporation, either as creditors or otherwise, that the suit could not now be dismissed without prejudicing their rights. If this was an action in which a dismissal could effect the petitioners only, the motion should be sustained.

Until the referee makes his report to the court, there is no way to determine what persons or parties, if any, now have vested rights, that may be prejudicially affected by a dismissal of the action.

For the above reasons the several motions herein are overruled.

*M. B. & H. H. Johnson* and *T. J. Keating,* for application.

*Dyer, Williams & Stouffer,* contra.